UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HUNG NGUYEN, et al.,<br><br>             Plaintiffs,<br><br>      v.<br><br>CALDO OIL COMPANY, et al.,<br><br>             Defendants. | Case No. 15-CV-02296-LHK<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE BY DEFENDANTS FLYERS ENERGY, LLC; PETER MCINTYRE, DBA AS AEI CONSULTANTS; AND ALL ENVIRONMENTAL, INC.**<br><br>Re: Dkt. Nos. 34, 36, 60 |

Before the Court are motions to dismiss filed by (1) Defendant Flyers Energy, LLC ("Flyers Energy"); and by (2) Defendants Peter McIntyre, an individual doing business as AEI Consultants, and All Environmental, Inc. (collectively, the "AEI Defendants"). ECF Nos. 34 & 36. Flyers Energy and the AEI Defendants have also filed a motion for administrative relief, which seeks to consolidate the hearing dates for Flyers Energy's motion to dismiss and the AEI Defendants' motion to dismiss. ECF No. 60.

The Court finds that these motions are suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the Court VACATES the hearings set for September 17, 2015, at 1:30 p.m. and September 24, 2015, at 1:30 p.m. Having considered the parties'

1

submissions, the relevant law, and the record in this case, the Court GRANTS Flyers Energy's and the AEI Defendants' motions to dismiss with prejudice. As there are other Defendants in the instant case that have not yet filed an answer to Plaintiffs' complaint or a motion to dismiss, the Court hereby CONTINUES the case management conference set for September 17, 2015 at 1:30 p.m. to November 12, 2015 at 1:30 p.m. In light of this Order, the motion for administrative relief is DENIED as moot.

## I. BACKGROUND

### A. Factual Background

The instant case concerns business losses and related damages associated with the alleged soil contamination of two properties, located at 2266 Senter Road (the "2266 Property") and 2276 Senter Road (the "2276 Property"), in San Jose, California. Plaintiff N & H Investments, LLC ("N & H Investments") claims that it owned the 2266 Property from March 2005 to September 2008, but that "it is unclear who currently owns [the property at] 2266 Senter Road." ECF No. 1 ("Compl.") ¶ 1. N & H Investments also alleges that it purchased the 2276 Property in December 2005 from Green Valley Corporation ("Green Valley"), and continues to own the 2276 Property today. *Id.* ¶ 2. Although it is not altogether clear from Plaintiffs' complaint, it appears that N & H Investments and the other Plaintiff in the instant case, Hung Nguyen, invested approximately $1 million into a development project on the 2266 and 2276 Properties, only to have this project fail because of soil contamination. *Id.* ¶ 13.

There are a number of Defendants in the instant case. From what the Court can glean from the other documents in the record, it appears that Defendant Caldo Oil was the former owner of the 2266 Property. *See* ECF No. 1-2 ("*Green Valley* Compl.") ¶ 2; *Green Valley Corp. v. Caldo Oil Co.*, No. 09-CV-04028-LHK, 2011 WL 1465883, at *1 (N.D. Cal., Apr. 18, 2011). Defendant Victor J. LoBue appears to be the President of Caldo Oil.[1] *Green Valley Corp. v. Caldo Oil Co.*,

---

[1] Plaintiffs' complaint also names as defendants the Victor J. LoBue Trust, the LoBue Living Trust, the LoBue Family Trust, the Estate of Salvadore R. LoBue, and the Estate of Tanie Ann

2
Case No. 15-CV-02296-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE BY DEFENDANTS FLYERS ENERGY, LLC; PETER MCINTYRE, DBA AS AEI CONSULTANTS; AND ALL ENVIRONMENTAL, INC.

1  No. 09-CV-04028-LHK, ECF No. 125 ¶¶ 9–13. Defendant Flyers Energy (formerly known as

2  Nella Oil) own and operate a gas station on the 2276 Property. *Green Valley* Compl. ¶ 3. The

3  AEI Defendants, an environmental consulting company, previously performed a soil report on the

4  properties in question. Compl. ¶ 23.

### B. Procedural History

The instant case appears to be the fourth case brought with regard to the alleged soil contamination of the 2266 and 2276 Properties. In the first case, brought in 2009, Green Valley—an entity that is not a party to the instant case—filed suit in this Court against Caldo Oil and Nella Oil. As the alleged owner at that time of the 2266 Property, Green Valley claimed that both Caldo Oil, the property's former owner, and Nella Oil, the owner and operator of a gas station on the adjacent 2276 Property, had "caused and contributed to the [2266 Property's soil] contamination." *Green Valley* Compl. ¶¶ 2–3. Green Valley also later named as defendants the LoBue Defendants, given Victor LoBue's position as President of Caldo Oil. In addition, Caldo Oil eventually brought a third party complaint against the AEI Defendants, which brought the AEI Defendants into the case because of the AEI Defendants' prior work as environmental consultants on behalf of Green Valley. *See Green Valley v. Caldo Oil*, No. 09-CV-04028-LHK, ECF No. 87. The parties in this first case stipulated to Nella Oil's dismissal without prejudice, and reached a settlement agreement with the remaining parties. Importantly, N & H Investments and Hung Nguyen were not a party in the *Green Valley* litigation and were not a party to or named in the settlement agreement.

The second and third cases, *Nguyen v. Nguyen* (No. 109-CV-155976), and *Nguyen v. Till* (No. 115-CV-278500), were filed in Santa Clara County Superior Court in 2009 and 2015,

---

LoBue. All of these entities appear to be related to Victor LoBue. Several of the trusts, for instance, serve as "successors-in-interest to, and the holders of the assets and liabilities of" Victor LoBue. *Green Valley Corp. v. Caldo Oil Co.*, No. 09-CV-04028-LHK, ECF No. 125 ¶ 12. Collectively, Defendants Victor J. LoBue, the Victor J. LoBue Trust, the LoBue Living Trust, the LoBue Family Trust, the Estate of Salvadore R. LoBue, and the Estate of Tanie Ann LoBue will be referred to in this Order as the "LoBue Defendants."

respectively, and concern disputes amongst N& H Investments, Hung Nguyen, Green Valley, and a number of investors.

In *Nguyen v. Nguyen*, a group of investors sued N & H Investments, Hung Nguyen, and Green Valley because of delays to a commercial development project planned for the properties in question. This case resulted in a settlement agreement amongst all parties that was executed in 2013. *See* ECF No. 36-3.

In *Nguyen v. Till*, N & H Investments and Hung Nguyen filed a lawsuit against Green Valley and its legal counsel, in which N & H Investments and Hung Nguyen claimed that Green Valley's counsel had forged N & H Investments' and Hung Nguyen's signature on the settlement agreement in *Nguyen v. Nguyen*, and that Green Valley's counsel had improperly represented Green Valley's ownership interest in *Green Valley v. Caldo Oil*. *See* ECF No. 36-4 ¶¶ 3–4.

Both of these actions—*Nguyen v. Nguyen* and *Nguyen v. Till*—have since been removed to the U.S. Bankruptcy Court for the Northern District of California. On May 29, 2015, N & H Investments and Hung Nguyen filed an administrative motion before this Court in which N & H Investments and Hung Nguyen requested that the Court issue an order relating *Nguyen v. Nguyen* and *Nguyen v. Till* to the *Green Valley v. Caldo Oil* case. *See Green Valley Corp. v. Caldo Oil Co.*, No. 09-CV-04028-LHK, ECF No. 245. After reviewing Plaintiffs' motion and the pertinent requirements set forth in Civil Local Rule 3-12, this Court found reassignment of those cases to this Court to be inappropriate and thus denied Plaintiffs' motion to relate.

In the instant action, filed in this Court on May 21, 2015, Plaintiffs N & H Investments and Hung Nguyen assert three causes of action—indemnity, contribution, and declaratory relief— against Defendant Caldo Oil; Defendant Nella Oil (known now as Flyers Energy); the LoBue Defendants; and the AEI Defendants. Compl. ¶¶ 24–37. Green Valley is not a party to the instant action. Nevertheless, Plaintiffs appear to contend that Green Valley has obtained a "double recovery" with respect to its purported business losses and clean-up costs associated with the 2266 Property. *Id.* ¶ 14. According to Plaintiffs, Green Valley obtained one recovery in the settlement

1  agreement that was executed in *Green Valley v. Caldo Oil*, and obtained a second recovery in the

2  settlement agreement that was executed in *Nguyen v. Nguyen.*

3        On June 30, 2015, Flyers Energy and the AEI Defendants filed motions to dismiss, in

4  which Flyers Energy and the AEI Defendants contended that this Court does not have subject

5  matter jurisdiction over Plaintiffs' complaint and that Plaintiffs have failed to state a claim upon

6  which relief may be granted.  ECF Nos. 34 & 36.  Plaintiffs filed responses to the motions on

7  August 12, 2015, and August 14, 2015.  ECF Nos. 51 & 54.  Flyers Energy filed their reply on

8  August 21, 2015, ECF No. 55, and the AEI Defendants filed their reply on August 28, 2015, ECF

9  No. 58.  Both sets of defendants also filed a motion for administrative relief on August 31, 2015,

10 which sought to consolidate the hearing dates for their motions to dismiss.  ECF No. 60.

11 **II.     LEGAL STANDARD**

12     **A. Rule 12(b)(1) – Lack of Subject Matter Jurisdiction**

13       A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant

14 to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  "The party asserting federal subject

15 matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto*

16 *Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  The party carries that burden by putting forth "the

17 manner and degree of evidence required" by whatever stage of the litigation the case has reached.

18 *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

19     **B. Rule 12(b)(6) – Failure to State a Claim Upon Which Relief Can be Granted**

20       A defendant may also move to dismiss an action for failure to state a claim upon which

21 relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Under

22 *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2009), a plaintiff must allege "enough facts to state a

23 claim to relief that is plausible on its face."  "A claim has facial plausibility when the plaintiff

24 pleads factual content that allows the court to draw the reasonable inference that the defendant is

25 liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability

26 requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

27

United States District Court
Northern District of California

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The Court, however, "need not accept as true allegations contradicted by judicially noticeable facts." *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 848 (N.D. Cal. 2012).

### C. Rule 15(a) – Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). Generally, leave to amend shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III.   DISCUSSION

### A. Subject Matter Jurisdiction

In order for federal subject matter jurisdiction to exist, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002).

The parties in the instant case are not diverse.  As the U.S. Supreme Court has explained, 28 U.S.C. § 1332, "[t]he principal federal statute governing diversity jurisdiction," "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  In the caption to their complaint, Plaintiffs state that Plaintiff N & H Investments is a "California limited liability company," that Defendant All Environmental, Inc. is a "California Corporation," and that Defendant Nella Oil Company (now known as Flyers Energy) is a "California limited liability company."  The AEI Defendants and Flyers Energy have, in their

6

Case No. 15-CV-02296-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE BY DEFENDANTS FLYERS ENERGY, LLC; PETER MCINTYRE, DBA AS AEI CONSULTANTS; AND ALL ENVIRONMENTAL, INC.

motions to dismiss, both stated that they are either California entities or residents of California. ECF No. 34 at 6; ECF No. 36 at 7. Plaintiffs have not challenged this characterization. In fact, Plaintiffs fail to address diversity jurisdiction in their oppositions to the motions to dismiss at all. *See* ECF No. 51 at 6–7; ECF No. 54 at 7–8. Plaintiffs have therefore failed to carry their burden to show complete diversity of the parties and thus diversity of citizenship cannot serve as the basis for federal subject matter jurisdiction.

Turning next to the issue of federal question jurisdiction, "[t]he presence or absence of [such] jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiffs' complaint seeks to assert three causes of action: indemnification, contribution, and declaratory relief. "Indemnity and contribution are closely related" to one another; in fact, "in a sense, 'indemnity is only an extreme form of contribution.'" *Hoa v. Riley*, 78 F. Supp. 3d 1138, 1145 (N.D. Cal. 2015). Both indemnification and contribution are typically causes of action arising under state law, and a federal cause of action for contribution can arise in only two ways: by federal statute or through federal common law. *Id.* Plaintiffs have failed to identify a federal statute that would provide them a right to contribution or indemnification. In addition, "federal common law exists only in [certain] narrow areas," such as those "concerned with the rights and obligations of the United States, interstate and international disputes implicating the conflicting rights of States or our relations with foreign nations, and admiralty cases." *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 641 (1981) (footnotes omitted). None of these areas touch upon the issues being contested in the instant case. In short, there is no federal statute and no federal common law that allows Plaintiffs to bring a federal claim for indemnification and contribution in the instant case. Accordingly, the Court does not have subject matter jurisdiction over Plaintiffs' indemnification and contribution claims.

Finally, Plaintiffs' third cause of action—declaratory relief—is inapplicable. Under 28

7
Case No. 15-CV-02296-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE BY DEFENDANTS FLYERS ENERGY, LLC; PETER MCINTYRE, DBA AS AEI CONSULTANTS; AND ALL ENVIRONMENTAL, INC.

1    U.S.C. § 2201, the Court "may declare the rights and other legal relations of any interested party

2    seeking such declaration." However, the Court may do so only for "a case of actual controversy

3    within its jurisdiction." 28 U.S.C. § 2201(a). As explained above, Plaintiffs' indemnification and

4    contribution claims are not within the Court's subject matter jurisdiction. The Court thus lacks

5    jurisdiction over Plaintiffs' claim for declaratory relief.

6         Plaintiffs seek to overcome these hurdles through a two-part argument: (1) that this Court

7    had federal question jurisdiction in *Green Valley v. Caldo Oil* because the claim arose under the

8    Resource Conservation Recovery Act ("RCRA"), a federal statute, and (2) that this Court

9    therefore has supplemental jurisdiction because the instant suit pertains to the settlement

10   agreement executed in that case. There are at least three reasons why this argument fails. First,

11   Plaintiffs have not complied with the well-pleaded complaint rule. Plaintiffs' instant complaint

12   does not mention or even refer to RCRA, the substantive federal statute at issue in *Green Valley v.*

13   *Caldo Oil.* Second, the U.S. Supreme Court has made clear that RCRA "is not directed at

14   providing compensation for past cleanup efforts." *Meghrig v. KFC Western, Inc.*, 516 U.S. 479,

15   484 (1996). RCRA allows parties to seek only injunctive relief. RCRA does not "contemplate[]

16   the award of past cleanup costs, whether these [costs] are denominated 'damages' or 'equitable

17   restitution.'" *Id.* Plaintiffs' request for indemnification and contribution is therefore incongruous

18   with the remedies that the RCRA statute provides.

19        Lastly, supplemental jurisdiction is inapplicable. The statute cited by Plaintiffs, 28 U.S.C.

20   § 1367, provides that the Court may "decline to exercise supplemental jurisdiction" if the Court

21   "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The

22   *Green Valley v. Caldo Oil* case was dismissed in 2011, after execution of the settlement

23   agreement. Supplemental jurisdiction is inappropriate under these circumstances, where the Court

24   has dismissed all claims over which it has original jurisdiction. Further undermining Plaintiffs'

25   claim that the Court should, in its discretion, exercise supplemental jurisdiction are the facts that

26   Plaintiffs were not even a party in *Green Valley* and were not a party to or named in that case's

27   8
Case No. 15-CV-02296-LHK
28   ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE BY DEFENDANTS FLYERS ENERGY, LLC;
PETER MCINTYRE, DBA AS AEI CONSULTANTS; AND ALL ENVIRONMENTAL, INC.

settlement agreement.

In sum, the Court finds that it does not have subject matter jurisdiction over Plaintiffs' claims. Thus, the Court need not address Flyers Energy's and the AEI Defendants' 12(b)(6) contentions that Plaintiffs have failed to state a claim upon which relief can be granted.

**B. Leave to Amend**

The Court will grant leave to amend unless doing so would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. These factors, however, are "not given equal weight." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.; see also Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). After reviewing the facts and relevant law, it is clear that amendment would be futile.

First, Plaintiffs have not challenged the contention that the parties in the instant case are not diverse, despite ample opportunity for Plaintiffs to do so. In fact, the caption on Plaintiffs' own complaint appears to concede this fact—the caption lists Plaintiff N & H Investments as a California company and lists Defendant Flyers Energy and the AEI Defendants as California entities. An amended complaint would not cure this defect.

Second, amendment would also be futile with respect to the issue of federal question jurisdiction. As the Court has noted, Plaintiffs' request for indemnification and contribution is plainly incongruous with a federal claim under RCRA. Under RCRA, parties may seek only injunctive relief; parties may not sue for indemnification, as Plaintiffs have tried to do. *See Meghrig*, 516 U.S. at 484; *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011) ("[L]eave to amend would be futile because the plaintiffs cannot state a plausible basis for relief.").

Tellingly, in six years of litigation of multiple cases, Plaintiffs, who have been represented by counsel, have never, it appears, requested injunctive relief against *any* party. *See, e.g.*, ECF No. 36-4 ("*Till* Compl.") at 49–50. Indeed, it is evident from Plaintiffs' own filings that the

instant case is not a case about injunctive relief in any sense, but rather one about getting Defendants in the instant case to pay for the settlement costs that Plaintiffs owe to Green Valley. In Plaintiffs' complaint, Plaintiffs state that "Green Valley Corporation holds Plaintiffs liable for costs through a settlement in that case [*Nguyen v. Nguyen*], which are in fact the liability of Defendants." Compl. ¶ 14. Later in Plaintiffs' complaint, Plaintiffs make explicit, in their own words, the matter at the heart of this dispute: "This lawsuit is a claim for indemnity." *Id.* ¶ 21. Further, in their opposition to Flyers Energy's motion to dismiss, Plaintiffs state that "Plaintiffs got sued by Green Valley and got another judgment. Plaintiffs [now] seeks [sic] payment of that judgment under this suit." ECF No. 54 at 6.

Plaintiffs seek to use the instant case as another vehicle, within another forum and before another court, to unwind the settlement agreement that Plaintiffs themselves entered into with Green Valley in *Nguyen v. Nguyen*. In *Nguyen v. Till*, Plaintiffs brought suit against Green Valley in state court, where Plaintiffs alleged that Green Valley had forged Plaintiffs' signature on the settlement agreement in *Nguyen v. Nguyen*. Here, Plaintiffs have brought suit in this Court against the other parties in the *Green Valley v. Caldo Oil* litigation. As Plaintiffs themselves acknowledge, Plaintiffs are using their complaint in the instant case to "request[] [that] Defendants . . . provide Plaintiffs with a defense" in Plaintiffs' actions against Green Valley. Compl. ¶ 28. In short, Plaintiffs' disputes are with Green Valley (and the monetary settlement that Plaintiffs entered into with Green Valley), not with Flyers Energy and the AEI Defendants. Providing leave to amend would not change this fact. Thus, the Court finds that further amendment would be futile. Accordingly, Flyers Energy's and the AEI Defendants' motions to dismiss are granted with prejudice.

### C. Sanctions

Finally, Flyers Energy and the AEI Defendants contend that Plaintiffs' complaint contains numerous false allegations and was therefore filed in bad faith. Flyers Energy and the AEI Defendants request that the Court issue an order that requires Plaintiffs to show cause as to why

10
Case No. 15-CV-02296-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE BY DEFENDANTS FLYERS ENERGY, LLC; PETER MCINTYRE, DBA AS AEI CONSULTANTS; AND ALL ENVIRONMENTAL, INC.

the filing of Plaintiffs' complaint did not violate Rule 11(b) of the Federal Rules of Civil Procedure.  Under Rule 11(c)(3), "the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."  The Court may then consider and impose sanctions for conduct violating Rule 11(b), which includes conduct that demonstrates that a party's filings were made in bad faith.  *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001).  The Court, however, declines to reach the issue of whether Plaintiffs knowingly made false factual allegations in their complaint.  The Court does not have subject matter jurisdiction over Plaintiffs' instant complaint.  A detailed examination of the factual allegations in the instant complaint is thus unnecessary.  An order to show cause would be inappropriate at this time.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Flyers Energy's and the AEI Defendants' motions to dismiss with prejudice, and DENIES as moot Flyers Energy's and the AEI Defendants' motion for administrative relief.  The Court DECLINES to issue an order to show cause as to why Plaintiffs' complaint does not violate Rule 11(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: September 16, 2015

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

11
Case No. 15-CV-02296-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE BY DEFENDANTS FLYERS ENERGY, LLC; PETER MCINTYRE, DBA AS AEI CONSULTANTS; AND ALL ENVIRONMENTAL, INC.